# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT DELAWARE

| | |
|---|---|
| ROSEBUD LMS, INC. d/b/a ROSEBUD PLM,, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 14-194-SLR |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ADOBE SYSTEMS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT ADOBE SYSTEMS INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS OF <u>WILLFUL AND INDUCED INFRINGEMENT</u>

OF COUNSEL:

Michael A. Berta
Maulik G. Shah
ARNOLD & PORTER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111
Tel: (415) 471-3277

Dated: March 11, 2014
1142398 / 39648

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Adobe Systems, Inc*

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF PROCEEDINGS…………………………………………...1

II.  LEGAL STANDARD…………………………………………........................................1

III. PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT………..3

IV.  PLAINTIFF FAILS TO STATE A CLAIM FOR INDUCEMENT………………………4

V.   CONCLUSION……………………………………….....................................................6

# TABLE OF AUTHORITIES

**CASES**

                                                                                                                                                              **Pages**

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
   893 F. Supp. 2d 680 (D. Del. 2012) ............................................................................ 2

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................ 2, 5

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ..................................................................................... 1

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................. 1, 2

*Curay-Cramer v. Ursuline Acad. Of Wilmington Del., Inc.*,
   450 F.3d 130 (3d Cir. 2006) ..................................................................................... 1

*Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC,*
   C.A. No. 12-1724-SLR, 2013 WL 3381258 (D. Del. July 8, 2013) ......................... 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) .............................................................................................. 4

*In re Bill of Lading Transmission*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................................ 5, 6

*In re Seagate Technology, LLC*
   497 F.3d. 1360 (Fed. Cir. 2007) ........................................................................... 2, 3

*Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*,
   C.A. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) ......................... 5

*Netgear Inc. v. Ruckus Wireless Inc.*,
   C.A. No. 10-999-SLR, 2013 WL 1124036 (D. Del. Mar. 14, 2013) ....................... 2

*Rosebud LMS, Inc., d/b/a Rosebud PLM v. Adobe Systems Incorporated*,
   C.A. No. 1:10-cv-00404-GMS (D. Del.) .............................................................. 1, 5

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
   113 F.3d 405 (3d Cir. 1997) ..................................................................................... 1

*Softview LLC v. Apple Inc.,*
   C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ................. 2, 3, 4

*Stephenson v. Game Show Network, LLC*,
   933 F. Supp. 2d 674 (D. Del. 2013) ....................................................................................5

**STATUTES**

35 U.S.C. § 271(b) ........................................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................2, 5

## I. NATURE AND STAGE OF PROCEEDINGS

On February 14, 2014, Rosebud filed the present action, alleging that the Collaborate Live feature of Acrobat 9 and Acrobat X products infringe U.S. Patent 8,578,280 (the "'280 patent"). (D.I. 1 at ¶ 37-38.) The '280 patent states on its face that it issued on November 5, 2013. Plaintiff's Complaint alleges claims for willful infringement and inducement of infringement regarding the '280 patent. *Id.* at ¶ 15. Rosebud had previously filed (and dismissed) claims for infringement of Collaborate Live in Adobe's Acrobat 9 and Acrobat X products as against other patents. *See, e.g., Rosebud LMS, Inc., d/b/a Rosebud PLM v. Adobe Systems Incorporated*, C.A. No. 1:10-cv-00404-GMS (D. Del.); *see also* D.I. 1 at ¶¶ 2-3.

Adobe moves pursuant to Rule 12(b)(6) to dismiss the allegations of willfulness and indirect infringement regarding the '280 patent in the current Complaint.

## II. LEGAL STANDARD

A dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted when a complaint fails to state a claim upon which relief can be granted. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When deciding a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in the complaint. *See Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

However, a court is not required "to accept as true unsupported conclusions and unwarranted inferences." *Id.*; *see also Curay-Cramer v. Ursuline Acad. Of Wilmington Del., Inc.*, 450 F.3d 130,133 (3d Cir. 2006) (explaining that courts considering a motion to dismiss "need not credit the non-movant's conclusions of law or unreasonable factual inferences."); *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (noting that courts are not required to

accept "a legal conclusion couched as a factual allegation." (quotation and citation omitted)). Said differently, in order to survive a motion to dismiss, the non-movant's factual allegations cannot be "supported by mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Indeed, factual allegation must raise a claim above the speculative level, making it "plausible on its face." *Twombly*, 550 U.S. at 555, 570. For willful patent infringement, a complaint must "state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element of a plaintiff's claim." *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *2 (D. Del. July 26, 2012) (quoting *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted)).

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

Plaintiff's allegations of willful infringement fail to sufficiently plead a claim and, on that basis, should be dismissed. As held by the Federal Circuit and this Court, willful infringement requires that the accused infringer knew of the asserted patents <u>prior</u> to receiving the complaint for infringement. *See In re Seagate*, 497 F.3d at 1371, 1374 (Fed. Cir. 2007) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also Softview LLC v. Apple Inc.*, 2012 WL 3061027, at *8 ("Seagate implies that willful infringement allegations based only on post-filing conduct are inadequate."); *Netgear Inc. v. Ruckus Wireless Inc.*, C.A. No. 10-999-SLR, 2013 WL 1124036 (D. Del. Mar. 14, 2013) ("allegations of willful infringement are insufficient if the alleged infringer had no pre-suit knowledge of the patent-in-suit"); *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. 2012)("[T]he court is not inclined to allow the mere notice of

the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim under Rule 8."); *Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, C.A. 12-1724-SLR, 2013 WL 3381258, *5 (D. Del. July 8, 2013);

Here, Plaintiff fails to plead willfulness based on anything other than the receipt of the Complaint in this action. Specifically, Plaintiff's only allegation of Adobe's knowledge regarding the '280 patent states: "At least as early as its receipt of this Complaint, Adobe has had knowledge of the '280 patent and notice of infringement." (D.I. 1 ¶39.) For this reason, the claim of willfulness has not been pleaded with the required specificity and is properly dismissed. *See, e.g., Softview*, 2012 WL 3061027, at *5, *8 (dismissing willful infringement claim that did not plausibly allege pre-suit knowledge of the asserted patent).

First, to the extent Plaintiff seeks to base a claim of willfulness solely based on post-litigation conduct, plaintiff's allegation fails. As explained by the Federal Circuit in *Seagate*, "when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy . . .. A patentee who does not attempt to stop an accused infringer's activities in this manner . . . should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374 (emphasis added, citations omitted). Plaintiff has made no such motion for injunctive relief in this case, making any claims of willfulness based on post-filing conduct unavailable to Plaintiff here.

Second, Plaintiff also cannot rely on any claim of pre-litigation conduct by Adobe in order to save its claim of willfulness, because Plaintiff's willfulness claim fails to allege or provide any predicate for any allegation that Adobe had knowledge of the '280 patent prior to the receipt of this Complaint. This is consistent with the holding in *Softview*, where the Court

3

dismissed Softview's willfulness allegation against Kyocera even though Softview had alleged that Kyocera supposedly would have had pre-suit knowledge of the asserted patent from media publicity surrounding the initial lawsuit filed against other parties. *Id.* at *6. In that case, such speculative allegations were insufficient to plead a claim for willful infringement. Here, Plaintiff's Complaint fails to include any pleadings – speculative or otherwise – that provide any basis to infer that Adobe had any pre-suit knowledge of the patents-in-suit; as discussed above, Plaintiff's sole allegation is that Adobe has known of the '280 Patent "since at least the filing of the original complaint in this action." (D.I. 1 ¶ 39.) Because Plaintiff's willfulness allegations fall short of the allegations deemed insufficient in *Softview*, the willfulness allegations here are properly dismissed.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR INDUCEMENT

Plaintiff's allegations of induced infringement under 35 U.S.C. § 271(b) should also be dismissed. As with willfulness, there is a specific knowledge requirement to find a party liable for induced infringement: that the accused party have knowledge of or be willfully blind to the asserted patents. *See* 35 U.S.C. § 271(b); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 2070-71 (2011) (holding that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement," which includes "knowledge of the existence of the patent that is infringed" or "active efforts by an inducer to avoid [knowledge of the existence of the patent]" – *i.e.*, willful blindness).

To the extent Plaintiff's claims include any claim for relief that would be based on pre-suit inducement, those allegations should be dismissed. As discussed above, Plaintiff has failed to plausibly allege that Adobe had knowledge of the '280 patent before being provided with the Complaint in this action. Further, Plaintiff does not allege that Adobe acted with willful

4

blindness towards the '280 Patent. Instead, Plaintiff merely states that Adobe is "indirectly infringing by way of inducing infringement," *see* D.I. 1 ¶15, which has been found insufficient to survive a motion to dismiss. *See Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *3, *8 (D. Del. Mar. 16, 2011) (holding that a recitation of the elements of indirect infringement is insufficient to infer knowledge of the patents in suit). Accordingly, there are no plausible allegations to support Plaintiff's claims of pre-suit inducement.

Further, Plaintiff's allegations of induced infringement should be dismissed generally. To survive a motion to dismiss, the Complaint must contain facts plausibly showing that Adobe specifically intended for someone to infringe the '280 patent. *See In re Bill of Lading Transmission*, 681 F.3d 1323 at 1339 (Fed. Cir. 2012) (explaining that, to survive a motion to dismiss, an amended complaint must contain facts plausibly showing that an accused infringer specifically intended their customer to infringe the patents-in-suit and knew that the customer's acts constituted infringement). The Complaint merely contains the bald assertion that Adobe is "indirectly infringing by way of inducing infringement." (D.I. 1 ¶15.) Plaintiff's factual support for inducement falls squarely into the universe of "conclusory statements" and "naked assertions" that Rule 12(b)(6) is meant to eliminate. *See Iqbal*, 129 S. Ct. at 1950; *see also Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 681 (D. Del. 2013) ("The court agrees that plaintiff has not identified any actions whereby defendants assisted each other or anyone else to infringe the '237 patent, relying instead on the circular logic that because defendants have directly infringed the '237 patent, they must be inducing and contributing to the infringement of the '237 patent."). Indeed, Plaintiff's allegations do not lead to any expectation that discovery will support any evidence that Adobe specifically intended for anyone to infringe

5

the patents-in-suit and knew that someone else's acts constituted infringement. *See In re Bill of Lading Transmission*, 681 F.3d at 1339. Because Plaintiff's pleadings regarding inducement are nothing more than a bare conclusory assertion, Plaintiff's allegations of induced infringement are properly dismissed.

**V.      CONCLUSION**

For the foregoing reasons, Adobe respectfully requests that the Court grant its motion to dismiss Plaintiff's claims against Adobe for willful infringement and induced infringement of the '280 Patent, as set forth in paragraphs 15 and 38, and Prayer for Relief paragraphs 2 and 4, of the Complaint.

Respectfully submitted:

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael A. Berta
Maulik G. Shah
ARNOLD & PORTER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA  94111
Tel:  (415) 471-3277

By: */s/ Richard L. Horwitz*
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Hercules Plaza 6th Floor
      1313 North Market Street
      P.O. Box 951
      Wilmington, DE  19899-0951
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

*Attorneys for Defendant Adobe Systems, Inc*

Dated:  March 11, 2014
1142398 / 39648

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 11, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 11, 2014, the attached document was Electronically Mailed to the following person(s):

Jessica Zeldin
Rosenthal Monhait & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19801
jzeldin@rmgglaw.com

|  |  |
|---|---|
| By: | */s/ Richard L. Horwitz* |
|  | Richard L. Horwitz |
|  | David E. Moore |
|  | Bindu A. Palapura |
|  | POTTER ANDERSON & CORROON LLP |
|  | Tel:  (302) 984-6000 |
|  | rhorwitz@potteranderson.com |
|  | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |

108424/39648