## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT DELAWARE

| | |
|---|---|
| ROSEBUD LMS, INC. d/b/a ROSEBUD PLM,, <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS INCORPORATED, <br><br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 14-194-SLR-SRF <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

### DEFENDANT AND COUNTERCLAIM-PLAINTIFF ADOBE SYSTEMS INCORPORATED'S OPENING BRIEF IN SUPPORT OF <u>MOTION FOR SUMMARY JUDGMENT OF NO REMEDIES</u>

OF COUNSEL:

Michael A. Berta
Maulik G. Shah
Rachel L. Chanin
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Tel: (415) 471-3277

Dated: December 12, 2014
1175083 / 39648 (14-194)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Adobe Systems, Incorporated*

**TABLE OF CONTENTS**

**Page**

**I.** INTRODUCTION .................................................................................................................. 1

**II.** NATURE AND STAGE OF PROCEEDINGS ................................................................. 2

**III.** FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2

    A. The Accused Feature Was Discontinued In 2012 .................................................... 2

    B. The Accused Feature Could Not Have Been Used After January 2013 .................. 3

    C. The Patent-In-Suit Did Not Issue Until November 2013 .......................................... 3

    D. Rosebud Filed This Suit In February 2014 ............................................................... 3

    E. Discovery Confirmed That Adobe Did Not Have Actual Notice Of The Published Patent Application Prior To This Lawsuit ............................................. 4

    F. Rosebud Asserts Constructive Notice Only ............................................................. 4

**IV.** LEGAL STANDARD .......................................................................................................... 5

**V.** ARGUMENT ....................................................................................................................... 6

    A. There Was No Allegedly Infringing Activity Post-Issuance .................................... 6

    B. Adobe Did Not Have Actual Notice Pre-Issuance .................................................... 7

    C. Constructive Notice Is Insufficient. .......................................................................... 8

**VI.** CONCLUSION .................................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986) ............................................................6

*Arendi Holding Ltd. v. Microsoft Corp.*,
 C.A. No. 09-119-JJF-LPS, 2010 WL 1050177 (D. Del. Mar. 22, 2010) *report
 and recommendation adopted,* C.A. No. 09-119-JJF-LPS, 2010 WL 1485314 (D.
 Del. Apr. 12, 2010) ..................................................................................................................8, 9

*Celotex Corp. v. Catrett*,
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986) ............................................................6

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*,
 66 F.3d 299 (Fed. Cir.1995) .....................................................................................................6

*Johns Hopkins Univ. v. CellPro, Inc.*,
 152 F.3d 1342 (Fed. Cir.1998) .................................................................................................6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986) ...........................................................5

*Podobnik v. U.S. Postal Serv.*,
 409 F.3d 584 (3d Cir. 2005) .....................................................................................................5

*Reeves v. Sanderson Plumbing Prods., Inc.*,
 530 U.S. 133, 120 S. Ct. 2097, 147 L.Ed. 2d 105 (2000) .........................................................5

*Welker Bearing Co. v. PHD, Inc.*,
 550 F.3d 1090 (Fed. Cir. 2008) ................................................................................................6

**Statutes and Rules**

35 U.S.C. § 154(d) ............................................................................................................. *passim*

Fed. R. Civ. P. 56 ......................................................................................................................5

I.     INTRODUCTION

Rosebud asserts that the Collaborate Live feature in Adobe Acrobat versions 9 and 10 infringes certain method claims of U.S. Patent 8,578,280 (the '280 patent).  However, the Collaborate Live feature was discontinued, and could not have been used after January 2013, some ten months before the '280 patent issued on November 5, 2013.  Thus, Rosebud cannot recover any damages.

Although the discontinuance and disablement of Collaborate Live was publicly known and easily knowable by January 2013 (by, for example, purchasing the Acrobat product and trying to use Collaborate Live), Rosebud proceeded to file this suit on February 13, 2014.  In its disclosures served in July 2014, Adobe confirmed that Collaborate Live had been discontinued before the patent issued.

In response, Rosebud implicitly acknowledged no entitlement to any post-issuance relief, and changed its theory, asserting for the first time in August 2014 that it was seeking provisional remedies under 35 U.S.C. § 154(d), based on the publication of the '280 patent application on December 29, 2011.

However, Rosebud cannot prevail on its alternate theory of remedy.  In order to recover provisional remedies Rosebud must show that Adobe had "actual notice" of the published patent application.  Rosebud has confirmed via its interrogatory response that it did <u>not</u> provide actual notice to Adobe prior to February 2014.  Adobe has also confirmed via a verified interrogatory response that it had neither notice nor knowledge of the '280 patent or its application until February 2014, when Rosebud sent Adobe notice of its intent to assert the '280 patent in this litigation.

Rosebud's only argument, as gleaned from its interrogatory response, is that Adobe had constructive notice of the '280 patent application because Rosebud had sued Adobe in

September 2012 over a different patent; however, constructive notice cannot form a basis for liability under § 154(d). Thus, Rosebud cannot obtain any provisional remedies under § 154(d).

Accordingly, because Rosebud cannot, as a matter of law, recover pre- or post-issuance damages, the Court should enter summary judgment of no remedies in favor of Adobe.

## II.  NATURE AND STAGE OF PROCEEDINGS

Rosebud filed this case—its third lawsuit against Adobe in the last four years—in February 2014. The Parties are engaged in discovery, and pursuant to the scheduling order, substantially completed document production on November 14, 2014. On November 24, 2014, Adobe requested, through the Court's emergency relief procedures, permission to file this motion, which permission was granted on November 25, 2014. A claim construction hearing is scheduled for January 30, 2015.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Accused Feature Was Discontinued In 2012

The accused feature in this case, Collaborate Live, was developed by Adobe and first included in Acrobat 9, which was released in 2008. (Declaration of Maulik Shah In Support Of Adobe's Motion For Summary Judgment Of No Remedies ("Shah Decl."), filed concurrently, Ex. 1.) Collaborate Live was also included in Acrobat 10, which was released in 2010. (Shah Decl. Ex. 2.) Due to low usage and the planned deprecation of a server necessary for Collaborate Live to function, Adobe decided in 2012 to discontinue the feature. (Shah Decl. Exs. 3, 4; (Declaration of Yash Kumar Gupta In Support Of Adobe's Motion For Summary Judgment Of No Remedies ("Gupta Declaration") ¶ 2.) Adobe did not include Collaborate Live in Acrobat 11, which was released in 2012. (Shah Decl. Exs. 2, 3; Gupta Decl. ¶ 2.)

### B. The Accused Feature Could Not Have Been Used After January 2013

Effective on or about January 10, 2013, the server necessary for Collaborate Live to function was no longer offered to users; thus, after January 10, 2013, a user of Acrobat 9 or 10 would not have been able to use Collaborate Live. (Declaration of Randy Swineford In Support Of Adobe's Motion For Summary Judgment Of No Remedies ("Swineford Decl.") ¶ 3; Shah Decl. Ex. 15.) By April 2013, Adobe had removed all entry points for Collaborate Live from Acrobat 9 and 10. (Shah Decl. Ex. 5.) And soon thereafter, Adobe removed Collaborate Live from already sold versions of Acrobat 9 and 10 via its free software updates for those products. (Gupta Declaration ¶ 3.)

### C. The Patent-In-Suit Did Not Issue Until November 2013

On November 5, 2013—ten months after Collaborate Live was disabled and six months after it had been removed from Acrobat 9 and 10—the '280 patent issued. (D.I. 1-1.) However, Rosebud did not inform Adobe of the '280 patent until February 4, 2014. (Shah Decl. Ex. 6.)

### D. Rosebud Filed This Suit In February 2014

On February 13, 2014, Rosebud filed this case. (D.I. 1.) Rosebud asserted that four method claims are infringed by users of the Collaborate Live feature in Acrobat 9 and 10. (Shah Decl. Ex. 7.) In July 2014, as part of its initial disclosures, Adobe documented that Collaborate Live had been discontinued and was not included in future versions of Acrobat. (Shah Decl. Ex. 8.) Rosebud then shifted its theory, and asserted for the first time that it was pursuing provisional remedies under 35 U.S.C. § 154(d); Rosebud claimed it should receive a reasonable royalty beginning on December 29, 2011, the publication date of the application that led to the '280 patent. (Shah Decl. Exs. 9, 10.)

### E. Discovery Confirmed That Adobe Did Not Have Actual Notice Of The Published Patent Application Prior To This Lawsuit

Adobe requested via interrogatory that Rosebud "Explain in detail all facts and evidence that support Rosebud's contention that it is entitled to damages under 35 U.S.C. § 154(d), including all facts and evidence that support any assertion that Adobe had actual notice of the published patent application that led to the Patent-in-Suit, and when such actual notice occurred." (Shah Decl. Ex. 11.) Rosebud's response contained no evidence or assertion of Rosebud ever having provided actual notice of the '280 patent application to Adobe. (*Id.*) Adobe also confirmed via a <u>verified</u> response to Rosebud's interrogatory that Adobe had neither notice nor knowledge of the '280 patent or its application prior to Rosebud's letter in February 2014. (Shah Decl. Ex. 12.)

### F. Rosebud Asserts Constructive Notice Only

Rosebud's interrogatory response states that "In September 2012, Rosebud sued Adobe and accused the Collaborate Live feature of infringing the '699 Patent. At the time the second lawsuit was filed, the ['280 patent] Application had already been published." (Shah Decl. Ex. 11.) The '699 patent application is the parent application to the '280 patent application. (See D.I. 1-1.) The 2012 lawsuit refers to *Rosebud v. Adobe*, C.A. No. 12-1141-SLR (filed Sep. 17, 2012). In that case, almost no substantive actions took place because Rosebud failed to meet the Court ordered deadlines for disclosures or discovery. (See C.A. No. 12-1141-SLR, D.I. 28.)[1] Rosebud dismissed that case with prejudice on February 28, 2014. (See C.A. No. 12-1141-SLR, D.I. 56.) Notably, Rosebud never disclosed the '280 patent application during the 2012 lawsuit.

---

[1] The Court had allowed Adobe to request sanctions against Rosebud for this failure. (See Shah Decl. Ex. 13 (Transcript of January 31, 2014 Proceedings at 19-20 ("The bottom line is, this case hasn't been prosecuted aggressively or diligently by the plaintiff. I don't know whether there are any costs associated with the delay. I will allow the defendant to quantify that if they can and to submit it and the plaintiff will certainly have the opportunity to respond.").)

## IV. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must demonstrate such, either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S. Ct. 1348 (internal quotation marks omitted). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L.Ed. 2d 105 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586–87, 106 S. Ct. 1348; *see also Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (internal citations omitted); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## V.     ARGUMENT

### A.     There Was No Allegedly Infringing Activity Post-Issuance

The undisputed facts preclude any award of damages in this case. Generally, a patentee may "obtain damages only for acts of infringement after the issuance of the [ ] patent...." *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (citing *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 304 (Fed. Cir. 1995)). "Mere possession of a product which becomes covered by a subsequently issued patent does not constitute an infringement of that patent until the product is used, sold, or offered for sale in the United States during the term of the patent." *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1366 (Fed. Cir. 1998). Here, the activity alleged to infringe the asserted claims of the '280 patent—which are all method claims—is use of the Collaborate Live feature in Acrobat 9 and 10. (Shah Decl. Ex. 7.) However, Collaborate Live was disabled and could not have been used after January 10, 2013. (Swineford Decl. ¶ 3.) Collaborate Live was then actually removed from already sold versions of Acrobat 9 and 10 in early 2013. (Shah Decl Exs. 3, 4, 5; Gupta Decl. ¶ 3.) Thus, Collaborate Live was not and could not have been used after issuance of the '280 patent on November 5,

6

2013. Because no activity alleged to infringe occurred post-issuance of the patent, there are no damages associated with that period.

### B. Adobe Did Not Have Actual Notice Pre-Issuance

Rosebud's claim for provisional remedies under 35 U.S.C. § 154(d) also fails because Adobe did not have actual notice of the published patent application until February 2014. Section 154(d) provides:

> (1) IN GENERAL.- In addition to other rights provided by this section, <u>a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application</u> for such patent under section 122(b), or in the case of an international application filed under the treaty defined in section 351(a) designating the United States under Article 21(2)(a) of such treaty, the date of publication of the application, <u>and ending on the date the patent is issued</u>-
>
> (A) (i)<u> makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application</u> or imports such an invention into the United States; or
>
> (ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United States or imports into the United States products made by that process as claimed in the published patent application; <u>and</u>
>
> (B) <u>had actual notice of the published patent application</u> and, in a case in which the right arising under this paragraph is based upon an international application designating the United States that is published in a language other than English, had a translation of the international application into the English language.

(emphasis added). As is clear from the statute, liability under § 154(d) only begins if Adobe had actual notice of the '280 patent application after it published on December 29, 2011. The legislative history of § 154(d) makes clear that the actual notice requirement is critical:

> The requirement of actual notice is critical. The mere fact that the published application is included in a commercial database where it might be found is insufficient. The published applicant must give actual notice of the published application to the accused infringer and explain what acts are regarded as giving rise to provisional rights.

7

(Shah Decl. Ex. 14 (H. Rep. No. 106–287, at 55, 106th Cong., 1st Sess. (1999) (accompanying H.R.1907))).)

Here, Rosebud concedes that it never provided Adobe with the '280 patent application. (Shah Decl. Ex. 11.)  There is also no dispute that Rosebud did not disclose the '280 patent to Adobe until February 2014.  (*Id*.)  Thus, there was no actual notice that could give rise to provisional remedies under § 154(d).  Moreover, Adobe has confirmed that it did not have knowledge of the '280 patent or its application until February 2014.  (Shah Decl. Ex. 12.)  Thus, there can be no damages under § 154(d).

### C. Constructive Notice Is Insufficient.

As best can be inferred from the Rosebud's interrogatory response, Rosebud's appears to contend that because the '280 patent application had published before Rosebud sued Adobe in the previous litigation over the '699 patent, Adobe had notice.  If this is in fact Rosebud's theory, it suggests, at best, constructive notice, *i.e.*, that Adobe had information from which it could have or should have become aware of the '280 patent application.  Such constructive notice is insufficient under § 154(d).

In *Arendi Holding Ltd. v. Microsoft Corp.*, a court in this District reviewed the legislative history of § 154(d) and held that the requirement of *"actual* notice" means that the alleged infringer must be in possession of something more than merely constructive notice. *Arendi Holding Ltd. v. Microsoft Corp.*, C.A. No. 09-119-JJF-LPS, 2010 WL 1050177, at *8 (D. Del. Mar. 22, 2010) *report and recommendation adopted,* C.A. No. 09-119-JJF-LPS, 2010 WL 1485314 (D. Del. Apr. 12, 2010).  The *Arendi* court stated that "It is not enough that the alleged infringer had information from which it could or should have become aware of the existence of the published patent application." *Id.*

The facts of *Arendi* are germane to and negate Rosebud's theory here. Arendi had previously sued Microsoft for infringement of U.S. patent 6,323,853 (the '853 patent). *Id.* at *2. In that previous case, Arendi included in its document production a published application (the '134 application), which was a continuation of the application that led to '853 patent. *Id.* The '134 application later issued as U.S. Patent 7,496,854 (the '854 patent). *Id.* In *Arendi*, Arendi asserted the '854 patent and claimed provisional remedies under § 154(d), arguing that its production of the '134 application in the previous litigation constituted actual notice. *Id.* The Court rejected this argument, holding that inclusion of the '134 application in a large document production in the previous litigation was not actual notice within the meaning of § 154(d). *Id.* at *9.

The facts in this case are even farther afield than in *Arendi*. Whereas in *Arendi* the application had been produced in discovery in the previous litigation, here Rosebud did not produce or otherwise disclose the '280 patent application at all during the previous litigation. Thus, any argument that Rosebud's assertion of the '699 patent in the previous litigation satisfies the notice requirement for the '280 patent application is legally insufficient. Such an argument should be further rejected because Adobe has affirmatively confirmed that it did not have notice or knowledge of the '280 patent or its application until February 2014, *i.e.*, to the extent the notice requirement can be equated with knowledge of the published application by the accused infringer, Adobe had no such knowledge here.

## VI.     CONCLUSION

For the reasons set forth above, Rosebud cannot recover either pre- or post-issuance damages in this matter, even if it can show liability (which it cannot). Accordingly, Adobe's motion for summary judgment of no remedies should be granted.

|  | Respectfully submitted: |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |

OF COUNSEL:

Michael A. Berta
Maulik G. Shah
Rachel L. Chanin
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Tel:  (415) 471-3277


Dated:  December 12, 2014
1175083 / 39648 (14-194)

By: */s/ David E. Moore*
　　Richard L. Horwitz (#2246)
　　David E. Moore (#3983)
　　Bindu A. Palapura (#5370)
　　Hercules Plaza, 6th Floor
　　1313 North Market Street
　　P.O. Box 951
　　Wilmington, DE 19801
　　Tel:  (302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com
　　bpalapura@potteranderson.com

*Attorneys for Defendant Adobe Systems, Incorporated*