IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSEBUD LMS, INC. d/b/a ROSEBUD PLM, <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 14-194-SLR |

**MEMORANDUM**

At Wilmington this 5th day of February, 2015, having heard argument on, and having reviewed the papers submitted in connection with, Adobe Systems Incorporated's ("Adobe") motion for summary judgment of no remedies (D.I. 65); the court issues its decision based on the following reasoning:

1. **Background.** On February 13, 2014, plaintiff Rosebud LMS Inc. d/b/a Rosebud Plm ("Rosebud") filed this action ("Rosebud III") against Adobe alleging that Adobe's Collaborative Live feature in Adobe Acrobat infringes certain method claims of U.S. Patent No. 8,578,280 ("the '280 patent"). (D.I. 1) After Adobe moved to dismiss, Rosebud filed a first amended complaint ("FAC") on April 7, 2014. Adobe answered the FAC and counterclaimed on April 28, 2014. Rosebud answered the counterclaims on May 22, 2014. The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Rosebud is a Delaware corporation with its principal place of business in New York City, New York. Adobe is a Delaware corporation with its principal place of

business in San Jose, California. This lawsuit is the third in a series of lawsuits that Rosebud has filed against Adobe beginning in 2010. The '280 patent is a continuation of the patent at issue in Rosebud II,[1] U.S. Patent 8,046,699 ("the '699 patent"). The '699 patent from Rosebud II was, in turn, a continuation of the patent at issue in Rosebud I,[2] U.S. Patent 7,454,760 ("the '760 patent").

  3. **Standard.** "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 574, 586 n.10 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must support the assertion either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 415 U.S. at 587 (internal quotation marks omitted). The court will "draw all reasonable inferences in

---

[1] Civ. No. 12-1141 was filed on September 17, 2012 and dismissed with prejudice by stipulation on February 28, 2014.
[2] Civ. No. 10-404 was filed on May 14, 2010, and was dismissed on November 24, 2010 by stipulation after Adobe made its source code available to demonstrate that it did not infringe the '760 patent.

favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

4. To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 411 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 411 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

5. **Analysis.** The parties do not dispute that the accused Collaborate Live feature of Adobe's product was discontinued and could not have been used after January 2013. (D.I. 66 at 2-3) As the '280 patent issued on November 5, 2013, Rosebud cannot recover post-issuance damages. *See Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (citing *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 304 (Fed. Cir. 1995), for the general proposition that a

3

patentee may "obtain damages only for acts of infringement after the issuance of the [ ] patent . . . ."). Therefore, Rosebud seeks to recover provisional remedies under 35 U.S.C. § 154(d), based on the publication of the '280 patent application[3] on December 29, 2011.

      6. Section 154(d) provides for provisional rights:

> (1) In general.--In addition to other rights provided by this section, a patent shall include the right to obtain a reasonable royalty from **any person who**, during the period beginning on the date of publication of the application for such patent under section 122(b), . . ., and ending on the date the patent is issued--
> (A)(i) **makes, uses, offers for sale, or sells in the United States the invention** as claimed in the published patent application or imports such an invention into the United States; . . .
>     . . . ; **and**
> (B) **had actual notice of the published patent application** . . . .
> (2) Right based on substantially identical inventions.—The right under paragraph (1) to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application.

35 U.S.C. § 154 (emphasis added).[4] The legislative history reflects that

> **[t]he requirement of actual notice is critical.** The mere fact that the published application is included in a commercial database where it might be found is insufficient. The published applicant must give actual notice of the published application to the accused infringer and explain what acts are regarded as giving rise to provisional rights.

(D.I. 69, ex. 14, H. Rep. No. 106–287, at 55, 106th Cong., 1st Sess. (1999) (accompanying H.R.1907) ("House Report") (emphasis added)).

---

[3] The '280 patent resulted from U.S. Patent Application No. 13/229,371, which was published on December 29, 2011 as U.S. Patent Application Pub. No. 2011/0320936. For simplicity, the court refers to the published patent application as "the '280 patent application."
[4] The parties do not dispute that the claims of the published patent are "substantially identical inventions."

4

7. Statutory interpretation begins with the plain language of the statute. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("As with any question of statutory interpretation, our analysis begins with the plain language of the statute."). The Third Circuit has instructed courts to consider "'not only the particular statutory language at issue, but also the structure of the section in which the key language is found, the design of the statute as a whole and its object.'" *Register v. PNC Financial Servs. Group, Inc.*, 477 F.3d 56, 67 (3d Cir. 2007) (quoting *Alaka v. Attorney General*, 456 F.3d 88, 104 (3d Cir. 2006)). In this regard, "'[s]tatutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible.'" *Id.* (quoting *American Tobacco Co. v. Patterson*, 456 U.S. 63, 71 (1982)).

8. Pursuant to the plain language of § 154(d), the alleged infringer must have "actual notice" of the "published patent application." Section 154(d) imposes no requirement that the "actual notice" be provided by an affirmative act of the patent applicant. Nor does the statute require an explanation of the infringing conduct. *See Arendi Holding Ltd. v. Microsoft Corp.*, Civ. No. 09-119, 2010 WL 1050177, at *7 (D. Del. Mar. 22, 2010) *report and recommendation adopted*, Civ. No. 09-119, 2010 WL1485314 (D. Del. Apr. 12, 2010). It is well recognized that "actual notice" is distinct from "constructive notice."[5] Because the legislative history characterized the

---

5    "Actual notice" is defined as notice expressly and actually given while "constructive notice" is defined as information or knowledge of a fact imputed by law to a person, although he or she may not actually have it, because he or she could have discovered the fact by proper diligence, and his or her situation was such as to cast upon him or her the duty of inquiring into it.

58 Am. Jur. 2d *Notice* § 4 (2d ed. 2015). For instance, compliance with the marking statute requires consistently marking substantially all of the patented products in order

requirement of actual notice as "critical," "it is not enough that the alleged infringer had information from which it could or should have become aware of the existence of the published patent application." See Arendi at *9.

9. In the case at bar, Rosebud contends that the "actual notice" requirement is met based on the following evidence: (1) Adobe had all of the information contained in the '280 patent application by virtue of the information contained in the '760 application; (2) one line of Adobe's source code for the accused collaborative live feature makes a reference to a "Rosebud sample;"[6] (3) a few Adobe-produced emails discuss an unidentified trial product of "Rosebud" and the '760 patent; and (4) "standard practice for patent litigators [is] to search for patents and applications related to the asserted patent," referencing the '760 patent litigation. (D.I. 77 at 7-9)

10. Clearly, none of Rosebud's evidence identifies the '280 application by name. At best, it is evidence of constructive notice which, consistent with the statutory language, the case law, and the legislative history,[7] does not constitute "actual notice" for purposes of claiming provisional remedies. Moreover, the court rejects any inference that Adobe had an affirmative duty to search for patent applications published by Rosebud because of the parties' litigation history.[8]

---

to provide constructive notice to the public. Am. Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523, 1537-38 (Fed. Cir. 1993).

[6] Reading "lots of this stolen from http://support.microsoft.com/support . . .; Rosebud sample." (D.I. 77 at 7)

[7] Notably, even a specific mention of the '280 patent application in a commercial database where it might be found would be deemed insufficient notice by the authors of the statute.

[8] To find that the patentee has no affirmative duty to provide actual notice to an alleged infringer, but that the alleged infringer has an affirmative duty to search for patent applications, would turn the legislation on its head.

7

11. In sum, § 154(d) provides an extraordinary remedy to a patentee - collecting damages before its patent issues. The conclusion reached at bar - that actual, not constructive, notice is required - is consistent with the notion that such an extraordinary remedy provided therein should not be awarded unless the alleged infringer actually knows about the patent application and engages in the infringing conduct with such knowledge.

12. **Conclusion.** Rosebud acknowledges that it did not provide actual notice of the '280 patent application to Adobe. Because its evidence of constructive notice is insufficient under § 154(d) as a matter of law, Adobe's motion for summary judgment of no remedies is granted. An appropriate order shall issue.

_____
United States District Judge